## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISON

EDWARD I. SMITH,

      **Plaintiff,**

   **v.**
                                     **Civil Action No.** 9:10-cv-2152-SB
                                        **(JURY DEMANDED)**

TELEDYNE CONTINENTAL MOTORS,
INC.

**SERVE:**     **National Corporate Research, Registered Agent**
               **2527 College Street**
               **Montgomery, Alabama 36104**

          **Defendant.**

## COMPLAINT

**TO :   THE DEFENDANT TELEDYNE CONTINENTAL MOTORS, INC.:**

COMES NOW Edward I. Smith, by counsel, and for his Complaint states as follows:

### Parties

1.     Edward I. Smith ("Smith") is a natural person, citizen of the Commonwealth of Virginia.

2.     Teledyne Continental Motors, Inc. ("TCM") is a corporation, having its principal place of business in Mobile, Alabama and doing business in the State of South Carolina and through the United States. TCM is now, and at all times mentioned in this Complaint was, in the business of designing, manufacturing, constructing, assembling, maintaining, repairing, inspecting, modifying, and selling aircraft engines and component parts for use in general aviation aircraft, including but not limited to the Lancair IV-P. TCM is a merchant with respect to the manufacturing and sale of aircraft engines such as the aircraft engine hereafter described in this Complaint, which sold pursuant

to implied warranty that it was merchantable and fit for the particular purpose of powered aircraft flight.

## Venue

3.       Venue is proper in this judicial district, as TCM does business regularly in South Carolina and the cause of action arose in South Carolina.

## Jurisdiction

4.       This Court's diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332(a)(1). The asserted rights and interests of the Plaintiff in controversy exceed $75,000, exclusive of interest and costs. At all times pertinent herein, TCM was acting directly and by agents to contract and supply services and things in South Carolina and by causing injury in South Carolina by breach of warranty expressly and impliedly made in the sale of goods outside of South Carolina when it might reasonably been expected that the goods would be used or consumed in South Carolina, while regularly doing and soliciting business and in engaging in other persistent courses of conduct and deriving substantial revenue from goods used or consumed for services rendered in South Carolina. Personal jurisdiction is also established pursuant to S.C. ST § 36-2-803.

## Facts

5.       From January 2002 until the present, the plaintiff has owned a Lancair IV-P aircraft, registration number N9JE ("The Aircraft"), the fair market value of which was $600,000 at the time of the catastrophic failure alleged herein.

6.       On or about July 29, 1996, aircraft engine model TSIO551B, Serial No. 802549 ("The Engine"), was manufactured by TCM and placed in the stream of commerce.

7.       On or about September 13, 1996, The Engine was installed in general aviation aircraft Piper Malibu, N70DL.

2

8.    On or about February 22, 1999, after approximately 406 hours of operation, The Engine was removed from Piper Malibu, N70DL, placed in storage, inspected, and returned to storage until sold to the plaintiff on January 7, 2003. The plaintiff installed The Engine in The Aircraft on November 9, 2004, and subsequently operated The Engine in The Aircraft for approximately 98.8 hours before the catastrophic failure alleged herein.

9.    While the plaintiff was operating The Engine in The Aircraft on March 15, 2010 over the coastal waters of South Carolina, the crankshaft of The Engine separated, *i.e.*, failed, immediately behind the propeller flange, as a result of a latent defect in the crankshaft existing at the time of manufacture, causing the propeller and a portion of the crankshaft to separate from the aircraft in flight and necessitating an emergency landing on a beach at Hilton Head, South Carolina, during which one person on the ground was killed and extensive damage was caused to The Aircraft and substantially all of its components

10.    TCM thereby proximately caused damage to the plaintiff's property, and incidental and consequential damages to the plaintiff, in the amount of $600,000.

## FIRST CAUSE OF ACTION

### (Negligence)

11.    Plaintiff incorporates into this Count all of the allegations appearing elsewhere in this Complaint.

12.    At all times relevant hereto, defendant knew or should have known that The Engine was distributed and sold to consumers such as plaintiff without proper product information, labeling, or warnings about the risks of the product, including, but not limited to, the risks of metal fatigue failure of the crankshaft.

3

13.    At all times relevant hereto, the defendant owed the plaintiff a duty of reasonable care and safety, including, but not limited to, the duty to warn of known reasonably knowable dangers, such as metal fatigue failure of the crankshaft.

14.    The duties of defendant included, but were not limited to, the duty to carefully and properly design, manufacture, sell, distribute, promote, advertise, and dispense The Engine. The defendant also had, at all relevant times, a duty to provide adequate warnings with regard to The Engine.

15.    During manufacture by the defendant, the defendant so negligently and carelessly designed, manufactured, constructed, and assembled The Engine that it was dangerous and unsafe for its intended uses.

16.    As a direct and proximate result of the defendant's negligence and carelessness as described above, on March 15, 2010. The Engine crankshaft failed, necessitating an emergency landing which resulted in the complete destruction of The Aircraft and its component parts.

17.    As a direct and proximate result of the defendant's negligence and carelessness as described above, plaintiff sustained damages.

## SECOND CAUSE OF ACTION

### (Strict Liability)

18.    Smith herein incorporates into this Count all of the allegations appearing elsewhere in this Complaint.

19.    At the time of manufacture and at all times mentioned herein, the aircraft engine manufactured by the defendant, and placed into the stream of commerce by the defendant, was defective as to design, manufacture, and warnings, causing The Engine to be unsafe for its intended use. The defendant knew or should have known that The Engine was dangerously defective and

4

posed unacceptable risks of serious injury and property damage which were unknown to and unknowable by the plaintiff. The defendant is and at all times was in the business of manufacturing and selling aircraft engines. The Engine was expected to and did in fact reach the ultimate user or consumer without substantial change in the condition in which it was sold.

20.    As a direct and proximate result thereof, The Aircraft and its component parts were destroyed on March 15, 2010 as alleged above, and plaintiff was damaged thereby.

## THIRD CAUSE OF ACTION

### (Breach of Implied Warranty of Fitness for Particular Purpose)

21.    Plaintiff incorporates into this Count all of the allegations appearing elsewhere in this Complaint.

22.    TCM breached the implied warranty of fitness for particular purpose in that the engine was not useable as a safe or reliable aircraft propulsion system, because of a latent defect in The Engine crankshaft causing the crankshaft to fail in normal use.

23.    This breach of implied warranty of merchantability caused damages to the plaintiff.

## FOURTH CAUSE OF ACTION

### (Breach of Implied Warranty of Merchantability)

24.    Plaintiff incorporates into this Count all of the allegations appearing elsewhere in this Complaint.

25.    At the time the defendant marketed, sold, and distributed the engine, the defendant knew of the use for which it was intended and impliedly warranted the engine to be of merchantable quality and safe and fit for its intended use.

26.    The defendant relied upon the skill and judgment of the defendant as to whether The Engine was of merchantable quality and safe and fit for its intended use.

5

27.    Contrary to such implied warranty, The Engine was not of merchantable quality or fit for uses for which it was promoted, because The Engine was unreasonably dangerous and unfit for the purposes for which it was used, as described herein.

28.    TCM breached the implied warranty of merchantability in that the engine would not pass without objection in the trade under the contract description because of the latent defect in the engine crankshaft as alleged herein.

29.    This breach of implied warranty of merchantability proximately caused damages to the plaintiff.

## FIFTH CAUSE OF ACTION

### (Restatement of Torts, § 402(B))

30.    Plaintiff incorporates into this Count all of the allegations appearing elsewhere in this Complaint.

31.    At all times herein, the defendant was in the business of selling aircraft engines.

32.    The defendant, through its actions and omissions in advertising, labeling, promotional literature, sales personnel, product brochures, and otherwise, made public representations of material fact concerning the character, safety, and effectiveness of The Engine.

33.    These public misrepresentations included representations that The Engine was a reliable and safe means of propulsion for light general aviation aircraft.

34.    The plaintiff relied upon these misrepresentations made by the defendant.

35.    The Engine was not as represented by the defendant, and, as a direct and proximate result thereof, the plaintiff sustained the injuries set forth in this Complaint.

WHEREFORE, the plaintiff, Edward I. Smith, prays for judgment against the defendant, Teledyne Continental Motors, Inc., for actual damages in an amount to be ascertained by the Jury at

the trial of this action, for the costs and disbursements for this action, and for such other and further relief as this Court may deem just and proper.

**Plaintiff demands trial by jury on these claims.**

Respectfully submitted,

ANASTOPOULO & CLORE, LLC


By:___ s/Samuel K. Allen_____
         Samuel K. Allen, Esq. (Fed Id No. 7744)
         49 Immigration Street, Suite 100
         Charleston, SC  29403
         Phone:  843-722-8070
         Fax:  843-722-9881

ATTORNEYS FOR PLAINTIFF

August 17, 2010
Charleston, South Carolina