# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| EDWARD I. SMITH, | ) | **C.A. NO. 9:10-CV-2152-SB** |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TELEDYNE CONTINENTAL MOTORS, INC., | ) ) | |
| | ) | |
| DEFENDANT. | ) | |
| _____ | ) | |
| JENNIFER DAWN JONES, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF ROBERT GARY JONES, DECEASED, | ) ) ) ) ) | **C.A. NO. 9:10-CV-2546-SB** |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TELEDYNE CONTINENTAL MOTORS, INC., ET AL., A DELAWARE CORPORATION; HARTZELL PROPELLER, INC. A OHIO CORPORATION; LANCAIR INTERNATIONAL, INC. A OREGON CORPORATION; PENN YAN AERO SERVICE, INC. A NEW YORK CORPORATION; EDWARD I. SMITH, AN INDIVIDUAL; AND DOES 1 THROUGH 10, INCLUSIVE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANT'S MOTION TO ENFORCE SETTLEMENT** |
| | ) | |
| DEFENDANTS. | ) ) | |

**TO:   BRIAN J. MCCORMACK, ESQUIRE, AND FAYRELL FURR, ESQ.**
**        ATTORNEYS FOR THE PLAINTIFF:**

**PLEASE TAKE NOTICE** that ten days from the date hereof, or as soon thereafter as counsel may be heard, the undersigned attorney for the Defendant will move this Honorable Court for an Order enforcing the settlement agreement as entered into between the parties in Chambers and requiring the execution by the Plaintiff of the Release and requesting a dismissal with prejudice of these matters.   Pursuant to Local Rule 7.04, DSC no memorandum is being filed herewith as a full explanation of the motion is contained herein.

The District Court has the inherent authority to enforce a settlement agreement. To exercise its power, the district court must find that a complete settlement has been reached and be able to determine the terms and conditions of that settlement.  *Kunst v. Kennedy*, CIV-A-607-1092 HFF-BHH, 2008 WL 4808665 (D.S.C. Oct. 27, 2008) (citing *Hensley v. Alcon Labs.,* Inc., 277 F.3d 535, 540-41 (4th Cir.2002)).   Accordingly, the Defendant moves to enforce the settlement as agreed between the parties and as approved by this Court based upon the following grounds:

1. On October 15, 2013, General Counsel for CMI made the attached confidential settlement offer to plaintiffs' counsel in these two matters. (See Exhibit A)(provided solely via email to Chambers).

2. As is clear from the offer, substantial consideration was to be paid and the settlement was to be made payable to the Plaintiffs and their attorneys of record and the parties would enter a standard release of claims and dismissal with prejudice of the two cases.

3. The settlement did not call for nor did the Defendant agree to participate in any way with a structuring agreement with the plaintiff or any third party or to undertake any involvement therewith.

4. Counsel for the parties and Plaintiff then memorialized this settlement on the record as confirmed by the attached transcript. (Transcript of Settlement approval by this Court attached as Exhibit B)(provided solely via email to Chambers). The transcript confirms there was no structure contemplated or negotiated.

5. On November 22, 2013, the Defendant sent a standard release as agreed to by the parties and consistent with the terms approved by the Court. (See Exhibit C)(provided solely via email to Chambers)

6. On November 27, 2013, the plaintiffs returned fully executed release with language requiring a structure of portion of the settlement funds added to the release. In this document plaintiffs added an additional term requiring a structured settlement and setting forth additional obligations for the Defendant as to the proposed structure. This was not requested or bargained for as part of the negotiated settlement already approved by this Court.

7. The changes are material in that they require, among other things, payment of proceeds to a third-party, ostensibly entering a contract and/or undertaking obligations with a third party, making the annuity part of the consideration for the release, making the performance of the annuity part of the release consideration, and require an assignment from a third party to plaintiff. The Defendant sees these as a series of significant transactions that involve risk and require legal and expert advice before undertaking the same that CMI did not contemplate or bargain for in the settlement. It did not agree to undertake any such obligation nor did it agree to incur the expense of securing legal and tax advice on these issues.

8. Plaintiffs executed the release as proposed by the Defendant, but also added the terms set out in attached redlined version. (See Exhibit D)(provided solely via email to Chambers).

9. The settlement between the parties is legally binding and approved by this Court and all the terms and conditions have been met by Defendant. The settlement proceeds are ready to be paid.

10. The Defendant is entitled to an enforcement of the terms as negotiated and approved by this Court. More specifically, the Defendant is entitled to an executed Release of All Claims as submitted on November 22, 2013 and dismissal of this civil action with prejudice.

Accordingly, the Defendant hereby asks that this Court enforce the terms of the settlement and order the release executed and a dismissal entered with prejudice in these matters upon payment of the proceeds.

YOUNG CLEMENT RIVERS, LLP

By: /s *D. Jay Davis, Jr.*
D. Jay Davis, Jr., Fed. I.D. #6726
William L. Howard
YOUNG CLEMENT RIVERS, LLP
P.O. Box 993, Charleston, SC  29402
(843) 720-5406; jdavis@ycrlaw.com
       *and*
Norman E. Waldrop, Jr.
Sherri Rich Ginger
ARMBRECHT JACKSON, LLP
P.O. Box 290
Mobile, AL 36601
Tel: 251.405.1202
Fax: 251.432.6843
new@ajlaw.com
srg@ajlaw.com
*Attorneys for Defendant Continental Motors, Inc.*

Charleston, South Carolina
Dated: December 9, 2013